**In re R. Richard RISO, Debtor.**

**Donald FRANCIS, Plaintiff,**

**v.**

**R. Richard RISO, Defendant.**

**Bankruptcy No. 84–340.**
**Adv. No. 84–107.**

United States Bankruptcy Court,
D. New Hampshire.

April 15, 1985.

Mark Vaughn, Manchester, N.H., for plaintiff.

Mark N. Berman, Widett, Slater & Goldman, Boston, Mass., for defendant, debtor.

## ORDER ON MOTION FOR RECONSIDERATION

JAMES E. YACOS, Bankruptcy Judge.

On January 30, 1985 this court denied the defendant R. Richard Riso's motion to dismiss the plaintiff Donald Francis' complaint objecting to Riso's discharge by notation entered upon the defendant's motion and incorporating by reference the reasons stated into the record by the court at the close of the hearing held that date.

On February 11, 1985 the defendant filed a motion for reconsideration, citing a recently reported case, *In re Richards*, 43 B.R. 554, 12 BCD 553 (Bkrtcy.D.Minn. 1984), which case decision was not available to counsel at the time of the January 30th hearing.

Oral argument was heard on the motion for reconsideration on March 19, 1985. The court has subsequently reviewed the legal memoranda submitted at the hearing and particularly the *Richards* decision. The court declines to treat the *Richards* decision as controlling in the present case and accordingly denies the motion for reconsideration. It is my opinion that *Rich-*

*ards* is not pertinent since it did not involve the key factor involved in this proceeding, i.e., a geographical transfer of a bankruptcy case from one state to another due to improper venue.

The defendant originally filed a bankruptcy proceeding as a Chapter 7 debtor on June 7, 1984 in the Southern District of Florida. Pursuant to Bankruptcy Rule 4004(a) the Florida Bankruptcy Court issued a notice and order setting the 60-day deadline for filing complaints objecting to the debtor's discharge as of September 7, 1984. Prior to that date however Donald Francis, as a creditor of the debtor, filed a motion to transfer the Florida bankruptcy case to New Hampshire. On August 8, 1984, the Florida bankruptcy judge entered an order granting the transfer which included the following finding:

> The testimony presented failed to establish that the debtor either resided or was domiciled within this district for the longest portion of the 180-day period immediately preceding the filing of the petition in bankruptcy. Neither the debtor's principal place of business nor his principal assets are located in Florida. Venue is therefore improper in this district. Furthermore, since almost all of the creditors of this estate appear to be located outside the state of Florida, the interest of justice and the convenience of all parties are best served by transferring the case to New Hampshire.

The case was transferred pursuant to this order but the court papers and case file were not actually received by this court until late August.

On September 4, 1984 Donald Francis filed a motion to extend the time for filing objections to discharge, requesting that the deadline be extended to October 27, 1984. Since this request was made during the 60-day period, extension was authorized pursuant to Bankruptcy Rule 4004(b) and the court approved that extension by notation on the motion entered September 6, 1984.

Notwithstanding the foregoing, the staff of this court on September 13, 1984 prepared and mailed to all creditors the standard form "Order for Meeting of Creditors and Fixing Times for Filing Objections to Discharge" document which is routinely sent to creditors at the commencement of any bankruptcy proceeding. This document is not actually signed by the bankruptcy judge but indicates that it is entered "By the Court, James E. Yacos, Bankruptcy Judge". Under bankruptcy court procedures this document does have the effect of setting calendar-date deadlines since the specific time periods involved are already prescribed by the Bankruptcy Code and Bankruptcy Rules.

■ In the present instance the form order and notice prepared by the court staff erroneously gave a new deadline for dischargeability objections as of December 3, 1984. This date apparently was selected because it was 60 days after the new meeting of creditors scheduled in New Hampshire, and since the September 7, 1984 deadline previously set in Florida had already expired at the time notice was to go out concerning the meeting of creditors in New Hampshire.

The form notice of September 13, 1984 was "erroneous" since Bankruptcy Rule 4004(a) specifies an objection deadline of 60 days following the "the first date set for the meeting of creditors" under § 341(a) of the Bankruptcy Code. Moreover, the court itself had already judicially extended the claims deadline to October 27, 1984 as indicated above.

Had the foregoing events been brought to the personal attention of the undersigned at the time the form notice was entered on September 13, 1984, the deadlines would have been made consistent and would have conformed to the October 27, 1984 deadline established by the specific extension order of September 6, 1984.

However, the form notice did go out to all creditors, including Donald Francis, advising of the December 3, 1984 deadline. Relying on this notice, Francis did not file his complaint objecting to discharge until November 30, 1984.

The decision in the *Richards* case does hold that an objecting creditor could not rely upon an erroneous "notice sent out by the clerk's office" since clerical action "cannot alter substantive rights of parties in a bankruptcy case." However, it appears to me that the issue is more complex. The document in question purports to be an "order" of the bankruptcy court and specifies a deadline for dischargeability objections with notice of the same being given to the creditors and the debtor. As I ruled orally at the end of the January 30, 1985 hearing, this court as a court of equity has the power to "correct its own mistakes" and has specific power under § 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Acting under those powers I determined that the objection deadline should be effectively extended to December 3, 1984 in the present case. The mistake in this case was the mistake of "the court" and should be corrected by the same in the absence of any substantial prejudice to any party.

The additional extension of the deadline here was from October 27 to December 3, 1984, a relatively short period of time. The prejudice to the debtor from this additional delay in the deadline is far outweighed by the prejudice that would occur to the objecting creditor if it lost all its rights to its "day in court" by relying on the mistaken notice. Moreover, the debtor also received the notice of the December 3, 1984 deadline and could have, if he felt this additional delay highly prejudiced himself, moved the court to correct its notice to a shorter deadline. Having failed to do so, and as between himself and Donald Francis as essentially equal innocent parties in this respect, it is appropriate that the debtor suffer the harm caused by the short additional delay.

The debtor contends further, however, that this court in no sense had any power to extend the deadline after September 7, 1984 since Bankruptcy Rule 4004(b) ex-

pressly provides that the motion requesting any extension of time "shall be made before such time has expired." The court in the *Richards* case did hold that this provision removed any discretion from the bankruptcy court to grant an extension after the time prescribed by the Rule had expired.

While that conclusion may be correct on the facts that were before the *Richards* court; i.e., a conversion from Chapter 11 to Chapter 7 of a case *remaining in the same court* pursuant to Code § 348, the same results should not necessarily obtain when the cause for any extension of deadline revolves around the transfer of a case from one district to another due to improper venue. The whole reason for the transfer of this proceeding to New Hampshire was that the convenience of the creditors and the debtor would be better served in this state rather than in Florida. It is not unknown for debtors to select a distant state for bankruptcy filing expressly to discourage active involvement by creditors in their proceedings. The time and expense of traveling to a distant court may well discourage pursuit of objections to discharge and the like.

The court therefore concludes that it has the inherent power under § 105(a) of the Code to extend objection deadlines in a transfer situation when the equities so warrant, including the timing of the physical transfer of the case file from the first court, and including the timing of the first notice that goes to the creditors in the transferee state (herein New Hampshire) advising them that they may pursue their rights and objections close at hand.

While there is no specific case law authority for this proposition, there is authority to the effect that the equitable powers of the bankruptcy court can be used to fill a gap in an unusual procedural situation without doing violence to specific provisions of the bankruptcy laws. See *In re Miracle Mart, Inc.*, 396 F.2d 62 (2nd Cir. 1968); *In re Martin Edsel, Inc.*, 228 F.Supp. 538 (D.N.H.1963). The use of the § 105(a) power in the present instance is simply for the narrow purpose of correcting an obvious procedural mistake relied upon by the objecting creditor. It is not a precedent for using § 105(a) to provide an easy out for creditors who have simply failed to meet a specified deadline on grounds of "excusable neglect" or similar contentions which are no longer permissible under the present Rule.

The Order of January 30, 1985 denying the defendant's Motion to Dismiss accordingly is hereby reaffirmed.