In re Richard RISO, Debtor.

Donald H. FRANCIS, Plaintiff/Appellee,

v.

R. Richard RISO, Defendant/Appellant.

No. C85–302–L.

United States District Court,
D. New Hampshire.

Jan. 7, 1986.

**790**

See also, Bkrtcy., 58 B.R. 978.

Mark Vaugh, Devine, Millimet Stahl & Branch, Manchester, N.H., for plaintiff/appellee.

John James, Lawrence, Mass., Jerome Gokin, Boston, Mass., for defendant/appellant.

ORDER ON APPEAL FROM UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW HAMPSHIRE

LOUGHLIN, District Judge.

Defendant R. Richard Riso appeals from the order of the United States Bankruptcy Court, District of New Hampshire, 48 B.R. 244, denying his motion for reconsideration of the denial of his motion to dismiss plaintiff Donald Francis' complaint objecting to discharge. This court has jurisdiction pursuant to 28 U.S.C. § 158(a).

The facts are briefly as follows:

Defendant Riso originally initiated a voluntary Chapter 7 proceeding in the United States Bankruptcy Court for the Southern District of Florida on June 7, 1984. The Florida court issued an order setting September 7, 1984 as the deadline for filing objections to debtor Riso's discharge pursuant to Bankruptcy Rule 4004(a). Donald Francis, as a creditor of Riso, filed a motion to transfer the proceeding to the United States Bankruptcy Court for the District of New Hampshire. The Florida court, finding venue improper in the Florida district, transferred the case to New Hampshire on August 8, 1984. Donald Francis subsequently filed a motion to extend the time to object to discharge until October 27, 1984; the bankruptcy court in New Hampshire granted the motion. On September 13, 1984 the bankruptcy court staff in the District of New Hampshire mailed a routine order to the debtor and all creditors, erroneously setting a new deadline for filing objections to discharge as December 3, 1984. Although not signed by the presiding bankruptcy judge, the notice indicated clearly that it was: "By the Court, James E. Yacos, Bankruptcy Judge." "This new date was erroneous as it was beyond the deadline required for objections to discharge under Bankr.R. 4004(a).

In reliance on the new date set, Donald Francis filed his objection to Riso's discharge on November 29, 1984, before the December 3, 1984 deadline as set by the bankruptcy court in New Hampshire, but after the extended October 27th date granted to him.

Defendant Riso filed a motion to dismiss the plaintiff Francis' objection to discharge on the grounds the complaint was filed beyond the October 27th deadline. On January 30, 1985, the Bankruptcy Court for the District of New Hampshire denied the defendant's motion to dismiss. Defendant then filed a motion for reconsideration, citing a recently reported case, *In re Richards*, 43 B.R. 554 (Bankr.D.Minn.1984) *affirmed* 47 B.R. 423 (D.Minn.1985). After a

hearing on March 19, 1985, the bankruptcy court declined to treat *Richards* as controlling and denied defendant's motion for reconsideration. Defendant now appeals that denial and seeks dismissal of the plaintiff Donald Francis' objection to discharge.

The standard of review in an appeal of a decision of the bankruptcy court is stated in Bankr.R. 8013. That rule states:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

"Where basic facts and facts permissibly inferred therefrom are found by the [bankruptcy] court sitting as a fact finder, neither the basic facts nor the inferred facts may be disturbed on review unless they are deemed clearly erroneous." *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 102 (3d Cir.1981). *See also United States v. United States Gypsum Co.,* 333 U.S. 364, 394, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948). "[T]he clearly erroneous standard does not apply to the Bankruptcy Court's conclusions of law; that is, the reviewing court must make an independent determination on the legal issues." *Prudential Insurance Company of America v. Colony Square Co.,* 29 B.R. 432, 434 (W.D.Pa.1983) (citing *In re Hollock,* 1 B.R. 212, 215 (M.D.Pa.1979)). The bankruptcy court is in the best position to judge the credibility of the parties. Therefore, the following findings of fact and factually based inferences are deemed not clearly erroneous and will not be disturbed by this court: 1) a form notice was sent from the bankruptcy court in the district of New Hampshire to all creditors erroneously setting the deadline for objecting to discharge as December 3, 1984; 2) relying on this erroneous notice, creditor Donald Francis did not file his complaint objecting to discharge until November 30, 1984; 3) the prejudice to the debtor if the additional

extension of the deadline is allowed, is outweighed by the prejudice to the objecting creditor if he loses all rights to his "day in court" by that reliance; 4) the debtor, having also received notice of the erroneous deadline, failed to bring that error to the attention of the court until such deadline had expired; and 5) R. Richard Riso, debtor and Donald Francis, creditor are essentially equal innocent parties. The court also found that, as between the equally innocent parties, the debtor should suffer the harm of the additional delay. The question now before the court is whether the bankruptcy court has the equitable power to extend the deadline for objections to dischargeability.

Under the Bankruptcy Code, a debtor may seek dischargeability of debts. 11 U.S.C. § 727(a) (1978). The Code further provides that "[t]he trustee or a creditor may object to discharge under subsection (a) of this section." 11 U.S.C. § 727(b) (1978). The deadline for filing such complaints is as follows:

> In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code *shall be filed not later than 60 days following the first date set for the meeting of creditors* held pursuant to § 341(a). In a chapter 11 reorganization case, such complaint shall be filed not later than the first date set for the hearing on confirmation. The court shall give not less than 25 days notice of the time so fixed to all creditors in the manner provided in Rule 2002, and to the trustee and his attorney.

Bank.R. 4004(a) (emphasis added). Under former Bankruptcy Rule 906(b), the court could, for cause "enlarge the time for filing complaints with or without application or notice if requested prior to the expiration of time or upon application *after* the expiration of time upon a showing of excusable neglect." *In re Lane,* 37 B.R. 410, 412 (Bankr.E.D.Va.1984) (emphasis added). The current rules provide as follows:

> (1) In general. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be

done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) Enlargement not permitted. The court may not enlarge the time for taking action under Rule 1007(d), 1017(b)(3), 1019(2), 2003(a) and (d), 4001(b), 7052, 9015(f), 9023, and 9024.

(3) Enlargement limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a) 4007(c), and 8002 only to the extent and under the conditions stated in those rules.

Bankr.R. 9006(b)(1), (2), (3).

Motions for extension of time must now be made *before* the time limitation in 4004(a) expires.

"On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired." Bankr.R. 4004(b). Thus, where a motion is filed for enlargement of time under Rule 4004(a) it must be made for cause prior to the expiration of the 60 days following the first date set for the meeting of creditors.

There is no dispute that Donald Francis did not comply with this requirement. The case before this court, however, is not a case of a creditor seeking an enlargement of the time period for objecting to discharge and doing so after the time limit set by the rules. The present case involves the bankruptcy court enlarging the deadline, sua sponte, to prevent an injustice. There was no need for Mr. Francis to seek an extension if he was relying on the December 3, 1984 deadline. He merely relied upon this as the deadline.

The question remains then whether the Bankruptcy court has inherent equitable power to alter that deadline to prevent injustice.

In his order now on appeal, Judge Yacos found that the bankruptcy court as a court of equity has the power to correct its own mistakes. *In re Riso,* 48 B.R. 244, 246 (Bankr.D.N.H.1984). "The mistake in this case was a mistake of 'the court' and should be corrected by the same in the absence of any substantial prejudice to any party." *Id.*

"[T]he equity jurisdiction of a bankruptcy court is not plenary, but must be exercised within the limitations of the Bankruptcy Act." *In re Martin Edsel, Inc.* 228 F.Supp. 538, 539 (D.N.H.1963) (citations omitted). Appellant argues that the bankruptcy court exceeded this limitation when it ignored the mandatory, non-discretionary language of Rules 4004 and 9006(b)(3) and retroactively extended the period within which the creditor could file his objection. He further contends that the plaintiff's deadline remained unchanged even after receiving notice of the later date. Appellant relies on part on a recent Minnesota case, *In re Richards,* 43 B.R. 554 (Bankr.D. Minn.1984) aff'd 47 B.R. 423 (D.Minn.1985).

*Richards* involved a conversion of a Chapter 11 proceeding to a Chapter 7 liquidation, in the same court. In *Richards,* the debtor initially filed for reorganization under Chapter 11 of the United States Bankruptcy Code. April 9, 1984 was the deadline set to file objections to dischargeability and notice was mailed to creditors. 43 B.R. at 555–56. One creditor, F & M, was granted an extension for filing objection until July 9, 1984. On April 12, 1984, the case was converted to a Chapter 7 liquidation. *Id.* at 556. Subsequently, the bankruptcy court clerk's office notified F & M of the conversion and set a deadline of August 6, 1984 for objections in the converted case. F & M filed its nondischargeability complaint on August 2, 1984. *Id.* The debtor sought and succeeded in dismissal of the complaint, contending the credi-

tor was bound by the preconversion filing deadline. *Id.* at 563.

In *Richards,* the bankruptcy court clearly held that the subsequent "conversion from Chapter 11 to Chapter 7 ... did not expand or create a new time in which to file the action on the continuing converted case." *Id.* This decision was affirmed by the federal district court. *Marquette National Bank v. Richards,* 47 B.R. 423, 424–25 (D.C.Minn.1985).

As in the instant case, the creditor in *Richards* failed to file or seek an extension within the time allowed under the Rules. In *Richards,* however the subsequent conversion of a Chapter 11 bankruptcy to a chapter 7 liquidation occurred within the same court. Further, the creditor in *Richards* did not rely in good faith on the later date. The district court found that "the bankruptcy court's factual conclusion that the *creditor* ... did not in good faith rely upon the clerk's notice was not clearly erroneous and is therefore affirmed." *Richards,* 47 B.R. at 425.

In the instant case, this court has affirmed the factual findings of the Bankruptcy court, specifically that the creditor did in fact rely on the erroneous deadline in filing its objection to discharge. Further, the present case involves a transfer from one district to another. The bankruptcy judge saw this as triggering his equitable powers under the facts of this case. *In re Riso,* 48 B.R. at 247. He found further support in Section 105 of the Bankruptcy Code. *Id.* "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a) (1978). The bankruptcy judge found, and this court agrees, that *Richards* does not control the present case. *In Re Riso,* 48 B.R. at 247.

"[T]he bankruptcy court is a court of equity and proceedings in bankruptcy court are governed by equitable principles." *In re Independent Clearing House Co.,* 41 B.R. 985, 1005 (Bankr.D.Utah 1984) (citations omitted).

Although the court in *Edsel* acknowledged that the equitable powers of the bankruptcy court must be exercised within the limits of the Act, 228 F.Supp. at 539, it held the following:

"[I]t would appear to be the better part of both reason and authority that the equity powers of the bankruptcy court are not altogether shackled by the statute of limitation ..., such [equity] powers may be exercised to lift the statutory bar only in the extraordinary case where some element of fraud or injustice has prevented a creditor from filing his claim in timely fashion."

*In re Martin Edsel,* 228 F.Supp. at 540–41 (citations omitted). Although no grounds in *Martin Edsel* were proved to justify the equitable powers of the court, the instant case presents a different situation. This court has affirmed the bankruptcy court's finding that the creditor relied on the erroneous notice in filing his objection. If the equitable power of the bankruptcy court is *not* invoked, an injustice will occur and Donald Francis will lose his right to object because of his reliance on error made by the bankruptcy court.

■ This court acknowledges that a bankruptcy court cannot create new substantive rights in exercising its equity powers. *Independent Clearing House,* 41 B.R. at 1005. As stated previously, however, 11 U.S.C. § 727(c)(1) states that "a creditor may object to discharge under subsection (a) of this section." Allowing plaintiff Francis to go forward with his objection, however, will not *create* a substantive right that is not manifest within the Code or Rules, but merely allow him to *exercise* that substantive right.

■ This court concludes the bankruptcy court has the inherent equitable power to correct its own mistake to present an injustice. Based on the facts in the present case, this court believes that an injustice would occur if plaintiff Francis were not allowed to file his objection to discharge. Accordingly, the bankruptcy court was within its equitable power to allow the filing within the time erroneously granted by the bankruptcy court.

Accordingly, the decision of the United States Bankruptcy Court for the District of New Hampshire is hereby affirmed.