In re Randall John
GALEMORE, Debtor.

DMK, INC., Ronald D. Wrestler, and
Henry W. Green, P.A.,
Trustee, Plaintiffs,

v.

Randall J. GALEMORE, Defendant.

Bankruptcy No. 87–20464–7.
Adv. No. 87–0210.

United States Bankruptcy Court,
D. Kansas.

Dec. 7, 1987.

William O. Isenhour, Jr., Mission, Kan., for debtor/defendant.

Steven D. Gough, of Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., and James S. Willis, of McDowell, Rice & Smith, Chartered, Kansas City, Kan., for plaintiffs.

Henry W. Green, P.A., Leavenworth, Kan., trustee.

MEMORANDUM OPINION AND
ORDER ALLOWING
ATTORNEY'S FEES

BENJAMIN E. FRANKLIN, Chief Judge.

This matter first came for hearing on August 20, 1987, on the request of debtor/defendant, Randall John Galemore, through his counsel, William O. Isenhour, Jr., for allowance of attorney's fees against the plaintiffs. The plaintiffs, DMK, Inc., Ronald D. Wrestler, and Henry W. Green, P.A.; trustee for the bankruptcy estate of John Eugene Galemore, appeared through counsel, James S. Willis. The matter again

came for hearing on September 23, 1987, in connection with the plaintiffs' motion to lift stay at which both Isenhour and Willis appeared.

## FACTS

The facts in this case are not in dispute and can be found in the record.

On April 3, 1987, the debtor, Randall John Galemore, filed a petition for relief under chapter 7 of Title 11, United States Code. At the time of the bankruptcy, the debtor was involved in a state court case entitled *DMK, Inc., Ronald D. Wrestler and Henry W. Green, P.A., as Trustee v. Randall J. Galemore,* Case No. 85–C–70–CH, Neosho County, Kansas, in which the plaintiff challenged Randall J. Galemore's claim to ownership of certain stock under the theory that he acquired the stock pursuant to a fraudulent transaction.

On April 14, 1987, the clerk of the Bankruptcy Court mailed out the order for and notice of meeting of creditors and automatic stay which set the § 341 meeting date on May 5, 1987, and which set the deadline for filing sections 523 and 727 complaints sixty days later, on July 6, 1987.

On August 20, 1987, forty-five days past the deadline, the plaintiffs in the state court action, DMK, Inc., Ronald Wrestler, and Henry W. Green, P.A., filed a complaint in the Bankruptcy Court under 11 U.S.C. §§ 523 & 727. On that same day, the plaintiffs filed a motion to enlarge time for filing of adversary claim and a motion to lift the stay to proceed in state court. On September 11, 1987, the debtor responded to the motion to enlarge time for filing the adversary claim. In his response, the debtor requested attorney's fees.

On September 14, 1987, this Court heard and denied the motion to enlarge time. The Court also directed William O. Isenhour, Jr., attorney for the debtor, to submit time sheets in support of his attorney's fees request. The Court also indicated that the matter of attorney's fees would be taken up at the upcoming hearing on the motion for relief from stay. On September 22, 1987, Isenhour submitted his memorandum and time sheets requesting attorney's fees in the amount of $1,125. That same day, the plaintiffs filed a motion to withdraw their motion to lift stay.

On September 23, 1987, the Court heard the matter of the attorney's fees. At this hearing, the debtor increased his request to $2,000. This Court took the matter under advisement upon receipt of a response by the plaintiffs.

## CONCLUSIONS OF LAW

■ The debtor/defendant requests attorney's fees against the plaintiffs, DMK, Inc., Ronald D. Wrestler, and Henry W. Green, P.A., trustee for the bankruptcy estate of John Eugene Galemore, for filing the adversary complaint and accompanying motion to enlarge time for filing the complaint and motion for relief from stay without a good facts basis for filing the same. The standard for ruling on requests for attorney's fees in such cases is contained in Bankruptcy Rule 9011(a) which states:

(a) **Signature.** Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state his address and telephone number. *The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass, to cause delay, or to increase the cost of litigation.* If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to

the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee. [emphasis provided].

The sole issue before this Court is whether the plaintiffs and their attorneys could have believed that after reasonable inquiry that the basis for their complaint and accompanying motions, especially the motion to enlarge time for filing a section 523 and 727 complaint after the time had run, was well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of law.

After reviewing the parties' briefs and reviewing the law, this Court must conclude that if the plaintiffs and their attorneys had researched the law, they could NOT have believed they had a good basis for filing the complaint and accompanying motions. The law in this area is too well established. *See In re Wooding,* 1 B.C.D. 45 (D.Kan.1974); *In re Beehler,* 33 B.R. 104 (Bankr.W.D.N.Y.1983). A court may on motion of any party in interest for cause extend the time of filing a complaint objecting to discharge or a complaint to determine the dischargeability of any debt. However, both Bankruptcy Rule 4004(b) and 4007(c) specify that "[t]he motion shall be made before such time has expired." Courts have strictly observed the time limit within which the motion to extend time must be filed and will not even consider "excusable neglect" as a basis for extending the time. *See Burger King Corporation v. B–K of Kansas, Inc.,* 73 B.R. 671 (D.Kan.1987); and *In re Kirsch,* 65 B.R. 297 (Bankr.N.D.Ill.1986). *See also* 4 Collier on Bankruptcy ¶ 727.14[3] (15th ed. 1987).

The Court notes that the plaintiffs in this case state that their primary basis in law for filing was the case of *In re Riso,* 57 B.R. 789 (D.N.H.1986). The plaintiffs state that they relied on this decision in good faith in believing that the Court somehow retained the inherent power to equitably grant the motion to enlarge time out of time.

This Court, however, is not persuaded by the plaintiffs' *Riso* argument. First, this Court is hard pressed to see where the plaintiffs even relied on the case. The plaintiffs' original motion to enlarge the time failed to even cite the *Riso* case. The plaintiffs' contention of *Riso* at this late date appears to be an afterthought in an attempt to avoid paying attorney's fees. Second, this Court finds that *Riso* is so off point that it does not even support the plaintiffs' position in any event. The *Riso* case involved a situation where the Bankruptcy Court erroneously set a date for filing of objections to discharge beyond the deadline required for objections pursuant to Rule 4004(a). The *Riso* court found it retained inherent power to correct its own mistakes. The present case, on the other hand, does not involve a mistake by the court. The mistake here was on the plaintiffs' part alone.

 As such, the issue now becomes what amount of attorney's fees should this Court award to the debtor/defendant for having to defend this case. This Court, of course, is governed by the reasonableness standard. The Court will only award attorneys' fees "reasonably" expended by debtor/defendant. After reviewing the statement of professional services rendered by the attorney for the debtor/defendant, I find that the amount of $750 is reasonable in this case.

IT IS THEREFORE, BY THE COURT, ORDERED That the plaintiffs, DMK, Inc., Ronald D. Wrestler, and Henry W. Green, P.A., Trustee, pay the debtor/defendant reasonable attorney's fees in the amount of $750.