In re Robert L. DIBERTO, Individually and as Trustee of Smoke Street Real Estate Trust, Debtor.

TOWN OF NOTTINGHAM, Plaintiff,

v.

Robert L. DIBERTO, Individually and as Trustee of Smoke Street Real Estate Trust, Defendant.

Bankruptcy No. 90–12331.
Adv. No. 91–1081.

United States Bankruptcy Court,
D. New Hampshire.

Jan. 6, 1992.

Mark S. Gearreald, Engel & Gearreald, P.A., Exeter, N.H., for plaintiff, Town of Nottingham.

David P. Azarian, Michael, Jones & Wensley, Rochester, N.H., for defendant, Robert L. Diberto.

### MEMORANDUM OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge.

This matter came before the Court on November 25, 1991, on cross-motions for summary judgment on a complaint brought pursuant to 11 U.S.C. § 523(a)(2)(A). The defendant has cross-moved for summary judgment on the ground that the complaint was filed late.

Fed.R.Bankr.P. (hereinafter the "rule") 4007 governs the time limit in which to determine the dischargeability of a debt. Subsection (c) provides:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held

pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.[1]

Rule 2002(f), "Other notices," provides in relevant part:

"[T]he clerk, or some other person as the court may direct, shall give the debtor, all creditors, and indenture trustees notice by mail of ... (5) the time fixed for filing a complaint to determine the dischargeability of a debt pursuant to § 523 of the Code as provided in Rule 4007; ...."

In this case, the bankruptcy petition was filed on December 3, 1990, and the first meeting of creditors was held on January 17, 1991. The Clerk's office erroneously failed to include a specific calendar date deadline for 523(c) complaints in its rule 2002 notice of the first meeting of creditors. In the space where the dischargeability deadline normally appears, the following appeared: " \*\*/\*\*/\*\*." According to the provision of rule 4007(c), March 18, 1991, was the last day to file a timely dischargeability complaint against this debtor. The complaint in this case was filed some two-and-a-half months later on June 3, 1991.

The defendant contends that even though the Clerk's office failed to give the 523(c) complaint deadline date, the plaintiff had notice of the date of the first meeting of creditors and therefore also knew the complaint dischargeability deadline of March 18, 1991 which is derived as *a matter of law* from rule 4007(c).

The creditor concedes that rule 4007(c) establishes the 60 day deadline after the first meeting of creditors, but argues it was entitled to rely upon the form of notice given by the Clerk's office and that the notice as given implied no deadline had yet been set.

This Court in *In re Riso*, 48 B.R. 244 (Bankr.D.N.H.1985), *aff'd* 57 B.R. 789 (D.N.H.1986), did hold that the Court had equitable jurisdiction under section 105 to correct its own errors. But in *Riso*, the erroneous notice from the Clerk's office gave an incorrect *extended deadline date* as opposed to the facts of the present case in which *no deadline date* was given. The importance of that distinction is that the erroneously extended deadline type of notice would normally deflect parties getting an incorrect date from undertaking any independent inquiry because they assume that the Clerk's office date is correct.

By contrast, a notice with no date at all, as in the present case, presents no deflection argument. The deadline is established as a matter of law by operation of a rule and not by any order or practice of the Clerk's office. While the notice given in this case might imply that no deadline had been set, that understanding flies in the face of the rule provision. The notice given in this case should have alerted the creditor or counsel to inquire with the Clerk's office as to what was intended by that form of notice.

In cases where the notice was left blank or where the creditor had actual but not formal notice of the bankruptcy proceeding, courts have held that an untimely complaint would not be excused and the creditor would be barred from pursuing the dischargeability matter. *See, e.g., In the Matter of Sam*, 894 F.2d 778 (5th Cir.1990); *In re Alton*, 837 F.2d 457 (11th Cir.1988); *Neeley v. Nurchison*, 815 F.2d 345 (5th Cir.1987); *In re Ricketts*, 80 B.R. 495, 18 C.B.C.2d 391 (9th Cir.BAP 1987).

The plaintiff has cited one decision in which a Court has gone the other way where the notice in question was the "blank notice" type as in this case. *In re Schwartz & Meyers*, 64 B.R. 948 (Bankr. S.D.N.Y.1986). That decision was not followed by Judge Schwartzberg who sits in the same district and I do not follow it today. *In re Rockmacher*, 117 B.R. 69

---

1. 11 U.S.C. § 523(c)(1) applies to dischargeability complaints brought pursuant to § 523(a)(2), (4), or (6).

(Bankr.S.D.N.Y.1990), *aff'd* 125 B.R. 380 (S.D.N.Y.1991).

On balance it would appear to me that the defendant's position must be sustained and that this creditor is barred notwithstanding the Clerk's error. This case is simply different from the facts of *Riso* in which the action by the Clerk's office deflected creditors from ascertaining the correct deadline date. Here I believe the notice, although perhaps ambiguous in its implications, is not ambiguous if one reads and understands Rule 4007(c). Rule 4007(c) establishes the deadline without any separate implementing court order. I note that *Neeley, supra,* expressly distinguished *Riso* on the basis that *Riso* involved the deflecting notice situation as opposed to the blank notice situation that was before the Court in *Neeley.*

As *Neeley* points out, it would be anomalous if a creditor that got the kind of notice as in the present case could file a complaint after the 60 day deadline while an unlisted creditor would be barred even though it may have gained actual knowledge shortly before the 60 day deadline expired. In the case of *In re Sam, supra,* the unlisted creditor learned of the bankruptcy proceeding only eighteen days before the dischargeability deadline was to expire but the Court nevertheless barred its late complaint.

While this result may appear harsh, it comports with the very strong fresh start policy of the Bankruptcy Code which requires. a prompt determination of dischargeability. Were the plaintiff's position sustained, there would be no deadline for filing dischargeability complaints until the clerk's office discovered its error and corrected it. It should also be noted that under the prior Bankruptcy Act and rules, a creditor could move for an extension of the deadline beyond the 60 day deadline on a showing of excusable neglect. That option was removed by the present Bankruptcy Code and the present rule.

While I recognize that it is not a pleasant task for a Court to hold that someone loses their rights, and particularly here where the Clerk's office did not give the notice it should have, I am constrained to sustain the position of the debtor.

Accordingly, debtor defendant's cross-motion for summary judgment is granted on that ground and that ground alone. This renders moot the other cross-motion for summary judgment.

DONE and ORDERED.