**Ed BISHOP and Myrna Bishop, d/b/a
Ed Bishop Auto Sales, Appellants,**

v.

**Jay SHRUM, Appellee.**

**Civ. A. No. 91–1511–B.**

United States District Court,
D. Kansas.

Dec. 29, 1992.

---

**620**

Robert E. Nugent, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, KS, for appellants.

William F. Bradley, Jr., Hinkle, Eberhart & Elkouri, Wichita, KS, for appellee.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter comes before the court on Bishops' appeal of the bankruptcy court's decision granting the debtor-appellee's motion to dismiss. (Doc. 1) The facts are not in dispute and will be summarized.

The Bishops filed suit against the debtor in federal court in 1989, alleging the debtor had fraudulently misrepresented the mileage on an automobile they purchased from the debtor. The debtor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on November 16, 1990. Upon receipt of the form notice of the bankruptcy filing issued by the clerk's office, the debtor's attorney mailed copies to all attorneys listed on the matrix, including Bishops' attorney. The form notice indicated the § 341 meeting [1] was to be held on December 19, 1990. In the space where the last date for filing dischargeability complaints pursuant to 11 U.S.C. § 523 was to appear, the form notice read: "Deadline for 727 & 523c complaint is * */* */* *."

Bishops filed a complaint pursuant to 11 U.S.C. § 523 on July 3, 1991. The debtor moved to dismiss the complaint. Fed. R.Bankr.P. 7012(b). The bankruptcy court granted debtor's motion.

Bankruptcy Rule 8013 sets forth the standard of review for appeals from orders of a bankruptcy court. The bankruptcy court's conclusions of law are reviewed *de novo*. *In re Burkart Farm and Livestock*, 943 F.2d 1114, 1115 (10th Cir.1991).

Section 523(c)(1) requires a creditor claiming nondischargeability of a debt under 11 U.S.C. § 523(a)(2), (4) or (6) to file a complaint to determine dischargeability. Fed.R.Bankr.P. 4007(c) governs the time limit in which to determine the dischargeability of a debt. It provides:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

The Bishops filed their complaint outside the sixty day period following the § 341 meeting of creditors and did not file a motion for an extension within that period. The issue raised in this appeal is whether a person who receives a notice that omits to state the deadline for filing a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 can file such a complaint outside the time limits provided for in Rule 4007(c).

The Bishops argue that the failure of the form notice to specify the deadline for filing a complaint excuses their failure to file their complaint within the 60 days provided for under Rule 4007(c). Our research discloses no Tenth Circuit nor federal district court case from the District of Kansas that has directly addressed the issue before us. Other jurisdictions have considered the issue and the overwhelming majority hold that where a creditor has notice or actual knowledge of the debtor's bankruptcy proceedings and fails to file a complaint within the deadline under Rule 4007, a complaint pursuant to 11 U.S.A. § 523((a)(2), (4) or (6) is barred. *In re Sam*, 894 F.2d 778, 781 (5th Cir.1990); *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987); *In re Price*, 871 F.2d 97, 99 (9th Cir.1989); *In re Alton*, 837 F.2d 457 (11th Cir.1988); *In re Piercy*, 140 B.R. 108, 111 (Bkrtcy.D.Md.1992); *In re Diberto*, 136 B.R. 24, 26 (Bkrtcy.D.N.H.

---

1. 11 U.S.C. § 341(a) provides:
   Within a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors.

1992); *In re Piesner,* 130 B.R. 399, 402 (Bkrtcy.E.D.N.Y.1991); *In re Duncan,* 125 B.R. 247, 252 (Bkrtcy.W.D.Mo.1991); *Contra In re Rogowski,* 115 B.R. 409, 414 (Bkrtcy.D.Conn.1990); *In re Schwartz & Meyers,* 64 B.R. 948, 953 (Bkrtcy.S.D.N.Y. 1986). The common thread running through the majority view is that the Bankruptcy Code places the burden on creditors to act to protect their rights. This policy is applicable in the facts of this case, where Bishops had actual knowledge of the bankruptcy proceeding and specific notice of the date of the § 341 creditors' meeting, from which they could have calculated the deadline date.[2]

The bankruptcy court found the reasoning of *Neeley v. Murchison, supra,* to be the most persuasive on the issue before it. In *Neeley,* the creditor obtained a judgment against the debtor for fraud prior to initiation of the bankruptcy proceeding. Thereafter, the debtor filed a Chapter 11 bankruptcy petition. The creditor received written notice of the bankruptcy proceeding and the date for the initial creditors' meeting, but the space for the deadline to file objections to dischargeability was left blank. The creditor's attorneys attended the creditors' meeting. The creditor's attorneys later made several inquiries of employees in the clerk's office concerning the dischargeability deadline, and were informed that no deadline had been set. The creditor eventually filed his complaint ten days after the 60–day limitation period of Rule 4007(c) had run. The bankruptcy court dismissed the complaint as time-barred and the district court adopted the bankruptcy court's opinion. The Fifth Circuit affirmed.

The court offered two reasons to support its decision. First, it found that Rule 4007, unlike its predecessor, Rule 409(a)(2), set a fixed limitation period of 60 days and constrained the granting of extensions. It noted that Rule 9006(b)(3) specifically excepted Rule 4007(c) from the "excusable neglect" standard. These changes convinced the court that Rule 4007(c) was intended to assure participants in bankruptcy proceed-

ings that, within the set period of 60 days, they can know which debts are subject to an exception to discharge. The 60–day rule enables the debtor and creditors to make better-informed decisions early in the proceedings. 815 F.2d at 346–47.

Second, the court found that § 523(c) placed a heavy burden on the creditor to protect his rights. The rule of automatic dischargeability unless the creditor requests a determination of dischargeability is subject to one narrow exception. Under § 523(a)(3)(B), a debt is not automatically discharged if the debtor fails to schedule the creditor and the creditor had no notice or actual knowledge of the case in time to file a complaint within the 60–day limitation period of Rule 4007(c). The court believed it would be anomalous to allow a creditor to file an untimely complaint seeking a determination of dischargeability, while barring a creditor who had actual knowledge but no written notice of the bankruptcy. *Id.* at 347.

The court finds the reasoning articulated in *Neeley* persuasive and likewise holds the Bishops had a duty to inquire about the deadline for filing dischargeability complaints upon receipt of the notice.

The court in *In re Diberto, supra,* addressed the issue on facts virtually identical to the case at bar. The clerk's office erroneously failed to include a specific calendar date deadline for 523(c) complaints in the notice it sent to credits. In the space where the dischargeability deadline normally appeared, the notice read " * */* */ * *." The creditor filed its dischargeability complaint some two-and-a-half months after the 60–day deadline had passed. The court held the creditor's complaint was barred notwithstanding the clerk's error. *Diberto,* 136 B.R. at 26. The court stated that the notice given to the creditor should have alerted it to inquire with the clerk's office as to what was intended by the notice. *Id.* at 25.

Bishops place reliance on *Herbert v. Schwartz (In re Schwartz & Meyers),* 64 B.R. 948 (Bankr.S.D.N.Y.1986). In that

---

**2.** The court notes the Bishops were represented    by counsel, who had a copy of the form notice.

case, the clerk's office sent a notice of a Chapter 7 bankruptcy proceeding that did not advise creditors of the last day to file complaints to determine the dischargeability of their debts. The bankruptcy court held compliance with the phrase "The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002" in Rule 4007(c) was a necessary predicate to trigger the running of the 60-day time period. *Id.* at 953. According to the court, creditors have the right to assume they will receive all statutory notices. *Id.* The court cited the Tenth Circuit case of *Reliable Elec. Co. Inc. v. Olson Const. Co.,* 726 F.2d 620 (10th Cir.1984), in support of its conclusion.

In *Reliable Elec. Co. Inc. v. Olson Const. Co.,* the debtor filed a Chapter 11 bankruptcy but did not list Olson as a creditor in its schedule of creditors. Olson had actual knowledge of the bankruptcy proceeding in general, but did not receive adequate notice of the confirmation hearing. Nine months after the bankruptcy petition was filed, Reliable filed a breach of contract claim against Olson in state court, then removed the case to the bankruptcy court. Shortly thereafter, the debtor filed an amended reorganization plan. The plan was noticed out and a confirmation hearing was held. Since Olson was not listed as a creditor, it did not receive notice relating to the confirmation of the plan.

Approximately five months later, the breach of contract suit was tried in the bankruptcy court and judgment was entered against Reliable on Olson's counterclaim. Reliable then filed a claim in the Chapter 11 proceeding on behalf of Olson and sought to have the judgment amount treated under the plan and, thus, subject to discharge. The bankruptcy court ruled against Reliable and held that Olson was not bound by the confirmed plan because it was not given notice of the confirmation hearing. *Id.* at 621–22. The district court affirmed the bankruptcy court's ruling, and the Tenth Circuit affirmed. The court's holding was that a creditor in a Chapter 11 bankruptcy case who has actual knowledge but no formal notice of the proceedings is not bound by the terms of a reorganization plan, including a bar date for filing a claim. *Id.* at 622. In other words, a Chapter 11 debtor has the burden of providing formal notice of the confirmation hearing to a known creditor before that creditor's claim may be discharged in bankruptcy. *In re Unioil,* 948 F.2d 678, 683 (10th Cir.1991).

Later Tenth Circuit decisions addressing the adequacy of notice to creditors in bankruptcy proceedings have indicated that *Reliable* applies only in Chapter 11 reorganization proceedings involving the applicability of confirmed plans to unnoticed creditors. *In re Green,* 876 F.2d 854, 856 (10th Cir.1989); *In re Walker,* 927 F.2d 1138, 1145, n. 11 (10th Cir.1991). *Green* and *Walker* were both Chapter 7 bankruptcy cases where the creditor had actual knowledge of the bankruptcy proceedings but failed to act. In both cases, the court held the requirements of due process were satisfied because the creditor received notice of the bar date in time sufficient to act. *Green,* 876 F.2d at 857; *Walker,* 927 F.2d at 1145.

The court agrees with the bankruptcy court that the Bishops' receipt of the form notice satisfies the due process requirements enunciated in *Reliable.* In our view, due process requires that a party receive "notice reasonably calculated, under all the circumstances, to apprise it of the pendency of the action and afford it an opportunity to present its objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). This standard was met in this case.

The court finds the holding of *Schwartz & Meyers* to be unsound and rejects Bishops' reliance thereon. The court notes the holding of *Schwartz & Meyers* has been explicitly rejected by other judges in that district. *In re Rockmacher,* 125 B.R. 380, 384 (Bkrtcy.S.D.N.Y.1991).

Bishops' appeal (Doc. 1) of the bankruptcy court's order is denied. The decision of the bankruptcy court is affirmed.

IT IS SO ORDERED.