In re Donald G. BEGUE, Debtor.

FIRST BANK SYSTEM, N.A., Plaintiff,

v.

Donald G. BEGUE, Defendant.

Bankruptcy No. 94–50935.
Adv. No. 94–5114.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Jan. 19, 1995.

1. Bankruptcy ⚖3382.1

Leonard S. Greenwald, Leonard S. Greenwald Co., L.P.A., Cleveland, OH, for plaintiff-creditor.

George D. Mallo, Mallo Legal Clinic, Akron, OH, for defendant-debtor.

Harold Corzin, Chapter 7 Trustee, Cuyahoga Falls, OH.

### ORDER DENYING MOTION TO DISMISS COMPLAINT

MARILYN SHEA–STONUM, Bankruptcy Judge.

This matter is before the Court on the defendant-debtor's motion to dismiss a complaint seeking to determine the non-dischargeability of a debt (the "Motion"). This proceeding arises in a case referred to this Court by the Standing Order of Reference entered in this District on July 16, 1984 and is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The Motion, in essence, raises the question of when this Court's jurisdiction terminates.

The facts with respect to the motion to dismiss are undisputed. Debtor filed a voluntary chapter 7 petition on June 13, 1994. Notice to creditors informing them of the date and place of the first meeting of creditors was sent on June 16, 1994. This notice also set forth the deadline for filing of non-dischargeability complaints as being September 27, 1994. Counsel for the plaintiff placed the challenged complaint in the U.S. mail in Cleveland on September 20, 1994, and the complaint was not received and filed by the Bankruptcy Clerk's office in Akron until September 28, 1994, one day past the set deadline.

■ The defendant, in moving to dismiss the complaint, has relied upon Bankruptcy Rule 4007(c) which in pertinent part states:

A complaint to determine the dischargeability any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... On motion of any party in interest, after notice and a hearing, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

*See* B.R. 4007(c). The ability of the Court to enlarge the time for such complaints to be filed is limited by Rule 9006(b)(3) which states that:

The court may enlarge the time for taking action under Rules ... 4007(c), ... only to the extent and under the conditions stated in those rules.

*See* B.R. 9006(b)(3). The extent and conditions stated in rule 4007(c) dictate that any motion to extend the time to file a complaint to determine dischargeability must be made before the original time to file such complaints has expired. *Id.*

Courts have construed the mandate of Rule 9006(b) literally and have held that the Rule 4007(c) deadline is "set in stone." *See In re Barnes*, 96 B.R. 833 (Bankr.N.D.Ill. 1989). The overwhelming majority of courts have decided that B.R. 9006(b)(3) leaves the bankruptcy court no discretion to enlarge the time for filing a complaint objecting to discharge when a complaint or a motion for extension of time to file is submitted past the deadline.[1]

In so deciding, these courts have emphasized that Rule 4007(c) was intended to assure debtors seeking relief in bankruptcy that, within a set period, they would be able to know which debts may be subject to an exception to discharge upon the objection of an individual creditor. This approach was adopted to protect debtors from post-discharge harassment by creditors claiming that their debts are non-dischargeable on grounds such as fraud. *Bishop v. Shrum,* 148 B.R. 619, 621 (Bankr.D.Kan.1992); *In re Barnes,* 96 B.R. 833, 837 (Bankr.N.D.Ill.1989). It is a sharp contrast to the muddled state of the law on the question of whether a debt had been discharged that existed prior to the enactment of Public Law 91–467 in 1970. *See* Vern C. Countryman, *The New Dischargeability Law,* 45 Am.Bankr.L.J. 1, 1–17 (1971). Further, Rule 9006(b) establishes three categories of treatment of requests for time enlargements, and it is plain that the third subpart of Rule 9006(b) specifically excepted Rule 4007(c) from an "excusable neglect" standard that is to be used in matters falling under the first subpart of Rule 9006(b).[2] *Bishop v. Shrum,* 148 B.R. 619, 621 (D.Kan.1992).

If the facts of the underlying Motion evidenced neglect, no matter how excusable, this Court would have no option but to grant the Motion. It is the opinion of this Court, however, that plaintiff's counsel in this matter was not guilty of any neglect, excusable or otherwise. After a pretrial conference held on this matter on November 9, 1994, and in response to this Court's inquiry as to whether an evidentiary hearing should be held concerning the assertion by plaintiff's counsel that he had mailed the complaint on September 20, 1994, counsel for the defen-

---

1. *See, e.g., In re Sam,* 894 F.2d 778, 781 (5th Cir.1990); *Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987); *In re Price,* 871 F.2d 97, 99 (9th Cir.1980); *In re Alton,* 837 F.2d 457 (11th Cir. 1988); *In re Piercy,* 140 B.R. 108, 111 (Bankr. D.Md.1992); *In re Diberto,* 136 B.R. 24, 26 (Bankr.D.N.Y.1992); *In re Ptesner,* 130 B.R. 399, 402 (Bankr.E.D.N.Y.1991); *In re Duncan,* 125 B.R. 247, 252 (Bankr.W.D.Mo.1991); *Contra In re Rogowski,* 115 B.R. 409, 414 (Bankr.D.Conn. 1990); *In re Schwartz & Meyers,* 64 B.R. 948, 953 (Bankr.S.D.N.Y.1986); *Matter of Hickey,* 58 B.R. 106 (Bankr.S.D.Ohio 1986); *Contra In re Nowacki,* 39 B.R. 35 (Bankr.N.D.Ohio 1984).

2. Plaintiff, in its Brief in Opposition to Defendant's Motion to Dismiss relies upon *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), and argues that this case is one of "excusable neglect." However, the *Pioneer* case deals with Rule 9006(b)(1) and not Rule (b)(3), which is at issue, and moreover, the *Pioneer* case itself states that "[t]he excusable neglect" standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but *not* in Chapter 7 cases, "given the differing policies of the two chapters." *Id.* at ——, 113 S.Ct. at 1495 (emphasis added).

dant informed the Court that he would not dispute that fact.

The question then is whether the filing deadline established in Bankruptcy Rule 4007(c) must be applied absolutely on these facts.[3] If the Rule 4007(c) deadline is a statute of limitations, then as with *all* federal statutes of limitation, it is subject to certain equitable principles, including equitable tolling. *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946). A number of bankruptcy courts, however, have found that the Rule 4007(c) deadline is jurisdictional. These courts have all adopted the conclusion reached in *In re Kirsch*, 65 B.R. 297 (Bankr.N.D.Ill.1986).[4] *Kirsch*, in holding that the Rule 4007(c) deadline is jurisdictional, based that conclusion on the premise that a creditor who has allowed that deadline to pass will be precluded from challenging the dischargeability of a particular debt at any time in the future. *Kirsch* proceeds from the premise that once the B.R. 4007(c) time has elapsed, a specific creditor can never pursue the debtor on a specific debt. *Kirsch*, 65 B.R. at 299. This premise, while generally true, is not always the case. At the end of the Rule 4007(c) deadline, debtors simply do not always enjoy an unfet-

tered right to a "fresh start" under chapter 7. *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989).[5] For instance, should any creditor, the trustee, or the United States trustee successfully object, pursuant to 11 U.S.C. § 727(c), to the granting of a debtor's discharge, a specific debt thought lost by the passage of the B.R. 4007(c) deadline, can once again be pursued.[6] The same outcome would occur should the Court, on its own motion, or on the motion of the U.S. Trustee dismiss a case under 11 U.S.C. § 707(b).[7] It is true that the action commencing such matters must itself be initiated in accordance with Bankruptcy Rules 4004(a) and (b) and Rule 1017(e), respectively, and that the Rule 9006(c) enlargement limitations likewise apply to these rules. However, the fact that (1) bankruptcy courts take final action to deny general discharges and to dismiss cases after the Rule 4007(c) deadline has passed and that (2) such action operates on claims that have not been the subject of individual creditor objections to discharge demonstrates that bankruptcy courts maintain jurisdiction over the dischargeability of claims that have been the subject of a complaint seeking a determination of non-dischargeability under 11 U.S.C. § 523(a)(2), (4), or (6).[8] A further

3. It is interesting to note that while debtor seeks strict compliance with bankruptcy rules that would allow him to discharge a challenged debt due to a delay in the postal service, the debtor is also seeking an exception to the bankruptcy rules in his own favor. On August 18, 1994 debtor filed a motion to excuse his attendance at further hearings as debtor has secured employment in England and such attendance at hearings would cause an undue hardship. This court has yet to rule on debtor's motion.

4. *See e.g., Anderson v. Booth (In re Booth)*, 103 B.R. 800 (Bankr.S.D.Miss.1989); *Household Finance Co. v. Beam (In re Beam)*, 73 B.R. 434 (Bankr.S.D.Ohio 1987); *Burger King Corp. v. B–K of Kansas, Inc.*, 73 B.R. 671 (Bankr.D.Kan.1987).

5. "Under prior practice, aside from potential § 523(a) exceptions, § 707(a) dismissals, and § 727(a) objections to discharge, debtors enjoyed an unfettered right to a 'fresh start' under Chapter 7, in exchange for liquidating their nonexempt assets for the benefit of their creditors." *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989). "Section 707(b) introduces an additional restraint upon a debtor's ability to attain Chapter 7 relief." *Id.* "Bankruptcy judges now have dis-

cretion 'to dismiss a consumer case when the filing is abusive.'" *Id.*

6. *See, e.g., Demczyk v. Howington (In re Howington)*, 1994 WL 92409 (Bankr.N.D.Ohio Jan. 20, 1994); *Nisselson v. Wolfson (In re Wolfson)*, 152 B.R. 830 (Bankr.S.D.N.Y.1993); *NCNB Financial Servs., Inc. v. Shumate (In re Shumate)*, 55 B.R. 489 (Bankr.W.D.Va.1985); *Montgomery Ward & Co., Inc. v. Gondley (In re Gondley)*, 38 B.R. 630 (Bankr.S.D.Ohio 1984); *Greene v. Balaber–Strauss (In re Greene)*, 103 B.R. 83 (Bankr.S.D.N.Y.1983).

7. *See, e.g., In re Rogers*, 168 B.R. 806 (Bankr.M.D.Ga.1993); *In re Smith*, 157 B.R. 348 (Bankr.N.D.Ohio 1993); *In re Richmond*, 144 B.R. 539 (Bankr.Okla.1992); *In re Dubberke*, 119 B.R. 677 (Bankr.S.D.Iowa 1990); *In re Helmuck*, 117 B.R. 187 (Bankr.W.D.Pa.1990).

8. Even then this Court may still have jurisdiction to determine dischargeability of certain debts. Official Form 18, "Discharge of Debtor," states *inter alia:*

   IT IS ORDERED THAT:

   \*      \*      \*      \*      \*      \*

   2. Any judgment heretofore or hereafter obtained in any court other than this court is

demonstration of the continuing jurisdiction of bankruptcy courts over the dischargeability of all claims in a chapter 7 case is found in the provisions of 11 U.S.C. § 727(d) and (e). As such, the passage of the dischargeability deadline set forth in 11 U.S.C. § 4007(c) is appropriately viewed as a statute of limitations and not a termination of the bankruptcy court's jurisdiction. To conclude otherwise is inconsistent with the structure of the Bankruptcy Code. A contrary interpretation of B.R. 4007(c) would raise the issue of whether this rule is consistent with the Code, a necessary requirement of the bankruptcy rules since the 1980 amendment of 28 U.S.C. § 2075.

This court thus joins other courts that have viewed the deadline set forth in B.R. 4007(c) not as jurisdictional but rather as a statute of limitations. *See, e.g., Schunck v. Santos (In re Santos),* 112 B.R. 1001, 1005–06 (9th Cir. BAP 1990); *Fallang v. Hickey (In re Hickey),* 58 B.R. 106, 108–09 (Bankr. S.D.Ohio 1986). As such this statutory filing deadline is subject to the defenses of waiver, estoppel, and equitable tolling. *See, United States v. Locke,* 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64 (1985); *Zipes v. TransWorld Airlines Inc.,* 455 U.S. 385, 392–98, 102 S.Ct. 1127, 1131–32, 71 L.Ed.2d 234 (1982); *Jones v. TransOhio Savings Assoc.,* 747 F.2d 1037, 1039 (6th Cir. 1984). Of these principles, the one pertinent to this case is equitable tolling. "Equitable tolling occurs under federal law in two types of situations: (1) where defendant's wrongful conduct prevented plaintiff from timely asserting his claim; or (2) where extraordinary circumstances outside plaintiff's control make it impossible for plaintiff to timely assert his claim." *Forti v. Suarez–Mason,* 672 F.Supp. 1531, 1549 (N.D.Cal.1987). Having determined that equitable tolling *may* apply in this case, this Court must determine whether it *should* be applied in this case. In consid-

ering whether to apply the doctrine of equitable tolling, the Sixth Circuit has set forth five factors which courts should consider. Those factors are: (1) the lack of actual notice of the filing requirement; (2) the lack of constructive knowledge of the filing requirements; (3) the diligence used by the plaintiff in pursuing its rights; (4) the absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the notice requirement. *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988); *Glarner v. Department of Veterans Admin.,* 30 F.3d 697, 702 (6th Cir.1994). Since the plaintiff did not claim lack of notice or knowledge of the filing deadline, our inquiry must focus on the diligence used by the plaintiff in pursuing its rights and the resulting prejudice, if any, to the defendant.

It is undisputed that plaintiff's counsel placed the complaint at issue into the mail on September 20, 1994, seven days prior to the filing deadline of September 27, 1994. The complaint was mailed from Cleveland, Ohio. Its final destination was Akron, Ohio, a distance of less than forty miles. As such plaintiff's counsel relied on the U.S. postal service to deliver his mailing within seven days.[9] It is a well settled rule that a letter that is properly addressed and placed in the mail is presumed to be delivered to the addressee in a timely manner. *Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 418, 76 L.Ed. 861 (1932); *In re Hobbs,* 141 B.R. 466, 468 (Bankr.N.D.Ga.1992). Given such a presumption, this Court does not find counsel's reliance that the postal service would deliver his mailing within seven days to be misplaced. Further, this Court finds that plaintiff exercised due diligence in preserving its right to file a complaint to determine the dischargeability of defendant-debtor's debt.

The focus now turns to whether equitable tolling of the filing deadline would result in

---

null and void as a determination of the personal liability of the debtor with respect to any of the following:

\* \* \* \* \* \*

(b) unless ... *hereafter* determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4), and (6) of 11 U.S.C. § 523(a); ...

*See* Official Form 18, "Discharge of Debtor" (emphasis added).

9. Plaintiff's counsel represented to this Court that he inquired of the Akron Clerk's office as to its filing policy of items received by mail. Plaintiff's counsel was told that all items were time-stamped on the day that they were received. Defendant did not contest this representation.

prejudice to the defendant-debtor. If this Court finds that the Rule 4007(c) deadline was equitably tolled, of course the debtor would be required to defend against a complaint to determine the dischargeability of a particular debt. The burden to prove such nondischargeability still remains with the plaintiff. Further, should debtor prevail, the challenged debt will be discharged, and the plaintiff will be barred from ever attempting to collect on the debt. Although this Court believes it highly unlikely that in the passage of one day, the debtor could have detrimentally relied upon the normal operation of Bankruptcy Rule 4007(c) or could have been prejudiced in his ability to defend the challenged complaint, to date, the debtor-defendant has not been given the opportunity to make any such showing.

Given the policies reflected in Bankruptcy Rules 4007(c) and 9006(b)(3), this Court recognizes its duty to weigh carefully whether equitable tolling is appropriate. Thus, the Court will insure that the party against whom the statute is being tolled is given a full opportunity to be heard. The Court will at this time make a provisional ruling denying the defendant's Motion to Dismiss. That ruling will become the final ruling of this Court unless within 20 days of the entry of this order, the defendant-debtor files with the Court a request for further consideration of this specific issue.

In light of the foregoing, this Court holds that the statute was equitably tolled six days after plaintiff placed its complaint into the U.S. mail, on September 20, 1994, until the time that such complaint was received and filed by the Akron Clerk's office, on September 28, 1994. As such, defendant's Motion to Dismiss Plaintiff's Complaint to Determine Nondischargeability is hereby provisionally denied as set forth above. In the absence of a request by the defendant for additional consideration of this matter, this ruling will become the Court's final disposition of this matter on February 9, 1995.

**IT IS SO ORDERED.**