Andrew B. Altenburg, Jr., United States Bankruptcy Judge
Before the court is a Motion to Extend Time to File Complaint Objecting to Discharge, pursuant to Federal Bankruptcy Rule of Procedure 4007(c) (the "Motion"). Doc. No. 8. The plaintiff, the law firm of Liddle & Robinson, seeks to proceed with its adversary complaint despite filing it three days after the deadline. Eric A. Zakarin, the debtor, objected.
*277 The court notes that this adversary proceeding is assigned to the docket of the Hon. Rosemary Gambardella. In her current absence however, and after all briefing and oral argument was complete, the proceeding was assigned to the undersigned for disposition. On March 26, 2019, the court sent a letter to counsel advising them of the same and gave them 14 days in which to object to the court's deciding the matter on the papers. As no objections were received, this matter is ripe for disposition. After review of the extensive briefing and the oral argument of March 5, 2019, this court determines that Rule 4007(c) may not be equitably tolled, and the Motion should be denied.
JURISDICTION AND VENUE
This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.
FINDINGS OF FACT
The facts in this matter are generally undisputed.
On March 2, 2018, the debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code. Bankr. No. 18-14226, Doc. No. 1. On Schedule E/F, he acknowledged his debt to Liddle & Robinson for attorney's fees in the amount of $ 135,000. Id. at 20.
On March 3, 2018, the court set June 5, 2018 as the deadline for filing a complaint objecting to discharge or nondischargeability of a debt. Id. , Doc. No. 3, p. 2. On April 6, 2018, the chapter 7 trustee held the Section 341 Meeting of Creditors, which Liddle & Robinson attended through one of its attorneys. Adv. Proc. 18-1272, Doc. No. 11, p. 3.
In the evening of June 5, 2018, the last day to timely file an adversary complaint in this bankruptcy case, attorney Matthew McCann of Liddle & Robinson, a New York law firm, finished drafting a complaint asserting the nondischargeability of the debt owed by the debtor to the firm. Doc. No. 8-2, ¶ 4. But when he sought to file the complaint electronically via this court's CM/ECF system, he found he could not do so, as he was not registered for e-filing in New Jersey. Id. , ¶ 4. He then registered, and at 10:13 p.m. received confirmation of that registration. Id. But because Mr. McCann is not an admitted attorney in the U.S. District Court for New Jersey, that registration was limited and did not give him the ability to electronically file a complaint. Id. , Doc. 8, ex. 2.[1]
Trying to still make the deadline for filing, Mr. McCann sent an email to Judge Gambardella's chambers and to the court's CM/ECF Help Desk, attaching the summons and complaint and explaining his predicament as being that the registration "has yet to be processed." Id. , ¶ 4, Exh. 1. He stated in the email that he would follow up in the morning, electronically-filing and paying the filing fee then, once his registration was processed. Id. Notably, Liddle *278 & Robinson did not also send a copy of that letter or the complaint to debtor's counsel. Doc. No. 11, p. 4.
The receipt Mr. McCann received from PACER, however, indicated that he had an active registration for "case search" only. The receipt reflected that status on June 6, 2016 of his registration request for the District of New Jersey was "unknown." Doc. No. 8-2, Exh. 1. It explained that there were three possible statuses: pending, processed, and active. Id. Only "active" would mean that he could electronically-file documents on the docket. What Mr. McCann seemed to not grasp at the time was that he was not granted that filing status because he is not an attorney admitted to practice in New Jersey.
The morning of June 6, 2018, Mr. McCann followed up with the court's CM/ECF Help Desk with the intent of resolving the registration delay and also e-filing and providing payment in connection with the filing of the Adversary Complaint and related documents. Id. , ¶ 6. He stated that the individual at the CM/ECF Help Desk advised him that the registration process would likely take another day and recommended that Liddle & Robinson send a courier to the Clerk's Office to file an original hard copy of the Adversary Complaint that day. Id. , ¶6.
Thus, that same day, Mr. McCann arranged with Keating & Walker Attorney Service, Inc., a legal support service, to file a hard copy of the original Adversary Complaint, the appropriate Summons and Notice, and a cover letter explaining the attempted e-filing of the night of June 5, 2018. Id. , ¶ 7. Mr. McCann alleged then that "due to confusion and/or misunderstanding on his part, the courier sent by Keating & Walker did not believe that he was able to leave the papers for filing with the Clerk of the court on June 6, 2018 and returned to his office without filing the Adversary Complaint." Id. In fact, the problem was that Mr. McCann had not supplied the courier with the filing fee, therefore the Clerk's Office rejected the attempted filing. Id. , Exh. 2 (McCann's 6/6/2018 5:25 p.m. email to Purce).
The evening of June 6, 2018, Mr. McCann received from the court's employee, Sharon Purce, an email confirming his registration for access to the court's NextGen CM/ECF system. Id. , Exh. 2. Ms. Purce provided additional steps regarding CM/ECF registration, and Mr. McCann stated that he then completed the steps. Id. , ¶ 8. The email from Ms. Purce stated the following:
Please note: in order to have full electronic filing privileges, you must be an admitted attorney in the U.S. District Court for New Jersey. If you are not admitted to the U.S. District Court for New Jersey, you may only file for limited access to CM/ECF. If this is the case, let me know and I will provide you with a Limited User Registration Form. For more information on this please visit our webpage at www.njb.courts.gov and under Quick Links, select the hyperlink CM/ECF Attorney Online Training.
If you are an attorney admitted to practice in the NJ USDC and you are already an electronic filer in another NextGen court, please email a transaction log so you may bypass the required online training exercises.
Id. , Exh. 2 (bold and underline in original).
Again, Mr. McCann is not admitted to practice in New Jersey, nor is anyone in his firm. Id. , ¶ 3. Though his reply to Ms. Purce acknowledged that he was not admitted in New Jersey and asked for a Limited User Registration Form, the next day he told her that he would "call to follow up regarding what I need to do next to be able to file the Adversary Complaint *279 via PACER." Id. , Exh. 2 (emails sent 6/6/2018 at 5:25 p.m. and 6/7/2019 at 10:54 a.m.). On June 7, 2018 at 12:36 p.m., Ms. Purce advised Mr. McCann that she had updated his status (as a Limited User) and that his account should be activated within the hour. Id. , Exh. 2 (email sent 6/7/18 at 12:36 p.m.). In his certification, Mr. McCann wrongly characterized this message as stating that "filing should be possible with [sic] an hour." Id. , ¶ 9. He then stated that "When he was ultimately able to log on, however, there was no option to file an Adversary Complaint." Id. He continued "In a telephone conversation later that day, Ms. Purce explained that Mr. McCann's filing 'user type' did not permit electronic filing of an Adversary Complaint and that filing would have to be made in hard copy at the Clerk's Office." Id.
On June 8, 2018, Keating & Walker, on behalf of Liddle & Robinson, filed in person the Adversary Complaint, Summons and Notice, as well as a Motion for an Order Extending the Time Within Which to File the Adversary Complaint. See Doc. Nos. 1, 3. This time Mr. McCann included the filing fee. Doc. No. 8-2, ¶ 10. The debtor filed opposition to Liddle & Robinson's motion. Doc. No. 4.
On June 13, 2018, another attorney of Liddle & Robinson, James Halter, Esq., e-filed on the Claims Register associated with Mr. Zakarin's bankruptcy case as Proof of Claim #1-1 a letter dated June 12, 2018 similar in substance to Mr. McCann's June 7, 2018 Certification filed in connection with his improperly-filed June 8, 2018 Motion to Extend Time and his June 5, 2018 email to chambers.
On July 13, 2018, the court conducted a telephonic hearing during which it directed Liddle & Robinson to retain local counsel and the parties to submit supplemental briefing regarding the request for additional time to file the Adversary Complaint. Liddle & Robinson retained local counsel and filed the instant motion to extend the time to file an adversary complaint. Id. , Doc. No. 8. The debtor filed a brief in opposition and the plaintiff filed a response. Id. ¸ Doc. Nos. 11, 12. On August 29, 2018, the court granted the pro hac vice admission of Jeffrey L. Liddle, and on December 8, 2018, the pro hac vice admission of Alex. M. Rissmuller, both appearing for the plaintiff. Id. , Doc. Nos. 9, 12. On March 5, 2019, the court heard oral argument. At the close of that argument, the debtor raised the recent Supreme Court decision of Nutraceutical Corp. v. Lambert , --- U.S. ----, 139 S.Ct. 710, 203 L.Ed.2d 43 (2019). The court granted leave to submit the opinion for the court's consideration by March 8, 2019, while permitting Liddle & Robinson to respond by March 15, 2019. The debtor submitted the opinion on March 7, Doc. No. 17, and Liddle & Robinson filed no response.
Liddle & Robinson asks the court to apply the doctrine of equitable tolling to extend the deadline to file its complaint despite the limits expressed in the Bankruptcy Rules. It argues that it was filing pro se and thus had no reason to believe it needed to engage local counsel. It further argues that it exercised due diligence in attempting to file the complaint, sending a copy to chambers and filing a hard copy with the court. It argues that the filing deadline under Bankruptcy Rule 4007(c) is not jurisdictional, and thus the court should apply principles of equitable tolling to deem its complaint timely filed. It points out that the Supreme Court has held that Federal Rule of Bankruptcy Procedure 4004, an analogous rule addressing the deadline to object to discharge, is not jurisdictional. See Kontrick v. Ryan , 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). It then cites cases applying equitable tolling that it argues are similar to its *280 situation. It asserts that if the court does not extend the deadline, then it will suffer the injury of its $ 135,000 claim being discharged.
The debtor replies that the Third Circuit has not recognized equitable tolling in connection with Rule 4007(c). It further asserts that, even if this Circuit did recognize the doctrine, Liddle & Robinson's motion must be denied because its failure to timely file was entirely its fault. He argues that attorney negligence-the late filing was not out of the control of the law firm-does not rise to the extraordinary level needed for the court to excuse missing the deadline. The debtor asserts that Liddle & Robinson failed to act with due diligence to preserve its claim because it chose to wait until the evening of the deadline to attempt to register and electronically file its complaint in an unfamiliar system to it, and chose not to retain local counsel to file the complaint despite the fact that the attorney signing the complaint is not admitted to practice in this court. As a result, the debtor submits that the plaintiff cannot meet the burden necessary for the extraordinary relief it requested, which the debtor claims is to be applied only sparingly.
DISCUSSION
The parties agree that the application of equitable tolling is Liddle & Robinson's only means for deeming its complaint timely filed. Liddle & Robinson seeks a finding of nondischargeability of its claim pursuant to section 523(a)(2)(A) of the Bankruptcy Code. Section 523(c) of the Code provides that a debtor shall be discharged from a debt of a kind specified in paragraph (2), (4) or (6) of section 523(a) unless the creditor requests that the court determine that such debt be excepted from discharge under paragraph (2), (4) or (6) of section 523(a). 11 U.S.C. § 523(c). Thus, these types of nondischargeability requests must be brought in the bankruptcy court. While Rule 4007 provides that the time to file a complaint other than under section 523(c) may be filed at any time, one under section 523(c) "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(b), (c). Regarding extension of that deadline, the Rule states "On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision." Fed. R. Bankr. P. 4007(c). Importantly, "[t]he motion shall be filed before the time has expired." Id. Rule 9006, which provides for enlargement of specified periods in the rules, including "on motion made after the expiration of the specified period ... where the failure to act was the result of excusable neglect," Fed. R. Bankr. P. 9006(b)(1), expressly states that it does not apply to the time limits of Rule 4007(c). See Fed. R. Bankr. P. 9006(b)(3). Liddle & Robinson filed its complaint after 60 days after the first date set for the meeting of creditors and did not request an extension of time prior to the deadline.
Courts considering allowing equitable tolling of the Rule 4007 deadline invariably turn to the Supreme Court's decision in Kontrick v. Ryan , 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). Though the Court there discussed Federal Rule of Bankruptcy Procedure 4004, it noted that because of the "practical identity" of Rules 4004 and 4007, decisions construing one are applicable to the other. Id. , at 448 n.3, 124 S.Ct. 906. In Kontrick the Court held that a debtor forfeits the right to rely on the deadline of Rule 4004 if the debtor does not timely raise the issue. Id. , at 458-460, 124 S.Ct. 906. In so ruling, the Court commented that Rule 4004 is not "jurisdictional" but is a claims-processing rule. Id. , at 454, 124 S.Ct. 906. The Court did not address equitable tolling because the parties *281 had not, despite recognizing the split across lower courts on the issue of equitable tolling of these rules. Id. , at 457, 124 S.Ct. 906. Instead it stated "Whether the Rules, despite their strict limitations, could be softened on equitable grounds is therefore a question we do not reach." Id. (footnotes omitted).
Courts indeed are divided. See, e.g., Anwar v. Johnson , 720 F.3d 1183, 1187 (9th Cir. 2013) (cited by the debtor, holding that Rule 4007(c)'s deadline is "strict" and cannot be extended retroactively on equitable considerations); In re Benedict , 90 F.3d 50 (2d Cir. 1996) (applying equitable tolling); In re Santos , 112 B.R. 1001 (9th Cir. BAP 1990) (cited by Liddle & Robinson, holding that the time limit is not jurisdictional and that equitable tolling could not apply to extend the deadlines); In re Alton , 837 F.2d 457, 459 (11th Cir. 1988) (no equitable tolling of Rule 4007(c) deadlines); Neeley v. Murchison , 815 F.2d 345, 346-47 (5th Cir. 1987) (same); In re Mazik , 592 B.R. 604, 611-12 (Bankr. E.D. Pa. 2018) (noting split).
There is no binding case law in the Third Circuit. In re Mazik , at 611-12. As in Kontrick, the creditor in In re Weinberg , 197 Fed. Appx. 182 (3d Cir. 2006), waived its right to raise the deadline of Rule 4007 by first raising it on appeal, thus the court did not consider the equitable tolling argument that had otherwise only been raised by the Bankruptcy Court sua sponte . Id. , at 188-89. The Third Circuit thus held open the idea that equitable tolling could apply, if raised timely. Holzberg v. Canonico (In re Canonico) , 2017 WL 3318840, at *3 (Bankr. D.N.J. June 16, 2017).
After Kontrick , courts focused on whether the jurisdictional versus non-jurisdictional distinction meant that Rules 4004 and 4007 were subject to equitable tolling. For example, the court in In re Rychalsky , 318 B.R. 61 (Bankr. D. Del. 2004), observed:
A number of courts that determined the Rules were not jurisdictional also held the deadlines were subject to equitable principles, including tolling. Nardei v. Maughan (In re Maughan ), 340 F.3d 337, 344 (6th Cir. 2003) ; In re Kontrick, 295 F.3d 724, 733 (7th Cir. 2002) ; Benedict, 90 F.3d at 54 ; Farouki, 14 F.3d at 248. The two circuit cases that held these deadlines could not be extended, did so because they held these Rules were jurisdictional in nature. Alton, 837 F.2d at 459 ; Neeley v. Murchison, 815 F.2d 345, 346 (5th Cir. 1987).
Id. , at 64. The Rychalsky court then concluded that Rule 4004's deadline could be equitable tolled, as non-jurisdictional. Id. See Saddle River Valley Bank v. Garsia , CIV.A. 10-1922 WJM, 2010 WL 4929268, at *5 (D.N.J. Nov. 30, 2010) (same). See also In re Greaux , BR 14-12441 SR, 2016 WL 3443582, at *2 (Bankr. E.D. Pa. June 15, 2016) ("Since the Supreme Court's opinion in Kontrick v. Ryan, ..., however, the time constraints are considered 'claim-processing rules' subject to principles of equitable tolling.").
Some lower courts in the Third Circuit avoided deciding the issue, finding that if equitable tolling could extend the deadline, such retroactive extension was not merited in their case. In re Mazik , at 612 ("I need not reach the issue here. Even if equitable tolling may be applied under Rule 4007(c), I decline to apply the doctrine because Chicago Title has an adequate remedy at law."); Re Canonico , 16-34088 (MBK), 2017 WL 3318840, at *3 (Bankr. D.N.J. June 16, 2017) ("Whether the doctrine of equitable tolling could be applied is a distinct and separate question, however, from whether the doctrine should be applied"); In re Trichilo , 540 B.R. 547, 552 (Bankr. M.D. Pa. 2015) ("As a matter of judicial restraint, *282 I will not decide a hypothetical question as to whether or not equitable tolling may be applied to extend the Rule 4007(c) dischargeability deadline. I simply conclude that within the four corners of this Complaint, nothing has been pled which plausibly shows that the Debtor actively misled Regency in a manner such that it could not recognize its claim, and file its complaint, within the applicable time period."); In Re: Jai , AP 14-01801 (DHS), 2015 WL 350919, at *3 (Bankr. D.N.J. Jan. 23, 2015) ("even assuming arguendo that this is true, the doctrine of equitable tolling does not apply to such circumstances"); In re Fellheimer , 443 B.R. 355, 372 (Bankr. E.D. Pa. 2010) ("Other bankruptcy courts in this district have assumed that the Rule 4007(c) deadline may be equitably tolled, but then concluded that such tolling was inapplicable on the facts presented.... I shall do the same."); In re Pendergrass , 376 B.R. 473, 479 (Bankr. E.D. Pa. 2007) ("Assuming arguendo that these equitable doctrines could be applied, the issue becomes whether the circumstances behind Plaintiff's late filing fall within their purview.") (footnote omitted).
But on February 26, 2019, the Supreme Court issued its decision in Nutraceutical Corp. v. Lambert , --- U.S. ----, 139 S.Ct. 710, 203 L.Ed.2d 43 (2019), where it discussed equitable tolling in the context of retroactively extending the deadline set by Federal Rule of Civil Procedure 23(f) regarding appeal of an order decertifying a class action. Contrary to what courts had supposed from Kontrick , the Court explained that "[w]hether a rule precludes equitable tolling turns not on its jurisdictional character but rather on whether the text of the rule leaves room for such flexibility." Nutraceutical Corp. , at 714. In holding that Rule 23(f) was not subject to equitable tolling, the court first recited that Rule 23(f) provided that an appeal must be filed within 14 days of an order granting or denying class-action certification. Id. , at 715. The Federal Rules of Appellate Procedure then "single out Civil Rule 23(f) for inflexible treatment." Id. The Court explained that while Appellate Rule 2 allows for suspension of rules in particular cases, Rule 2 is limited to "as otherwise provided in Rule 26(b)." Id. Rule 26(b) then provides that a court of appeals may not extend the time to file a petition for permission to appeal. Id. , citing Fed. R. App. P. 26(b)(1). The Court concluded "The Rules thus express a clear intent to compel rigorous enforcement of Rule 23(f)'s deadline, even where good cause for equitable tolling might otherwise exist." Id.
Here, Rule 4007(c) permits filing of a complaint "no later than 60 days after the first date set for the meeting of creditors" and only allows extensions of that time period on motion made before the time has expired. Fed. R. Bankr. P. 4007(c). In addition, the court may only grant that motion on the showing of cause. Id. Similar to Appellate Rule 26(b), Bankruptcy Rule 9006(b)(1), which provides for moving for an extension of time after the expiration of the time period, where the failure to act was the result of excusable neglect, expressly excepts those rules listed under Rule 9006(b)(3), including Rule 4007(c), from its provisions.[2] Moreover, Rule 1001 (somewhat akin to Appellate Rule 2) concerning the scope of the Bankruptcy *283 Rules, states that they "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001. Extension of Rule 4007's deadline would not secure a speedy determination of this case. As aptly explained by the Santos court:
In addition to being contrary to the language of the rules, the application of equitable tolling could do significant harm to the purposes underlying the rules. The fresh start, prompt administration, finality and certainty purposes of the bar dates would be significantly impaired by allowing the application of a doctrine, such as equitable tolling, which could feasibly allow a creditor to bring a dischargeability action years after the time period should have passed even though the debtor's affirmative conduct might not contribute to the creditor's lack of knowledge of the facts underlying the dischargeability complaint. A less onerous means for protecting the creditor's rights in this regard is to liberally grant timely filed requests for extensions to the bar date where, as in this case, the creditor has a valid and explainable suspicion regarding the existence of facts giving rise to a dischargeability cause of action. Where the creditor does not learn of the fraud until later, the creditor may be able to seek revocation of the discharge under section 727(d).
In re Santos , at 1006-07.
All of this points to the conclusion that Rule 4007 does not permit equitable tolling. Just as with Appellate Rule 23(f), the Bankruptcy Rules "express a clear intent to compel rigorous enforcement" of Rule 4007(c)'s deadline "even where good cause for equitable tolling might otherwise exist." Nutraceutical Corp. v. Lambert , --- U.S. ----, 139 S.Ct. 710, 203 L.Ed.2d 43 (2019). This court agrees that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Taylor v. Freeland & Kronz , 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Taylor held a chapter 7 trustee to the deadline of Rule 4003(b), another rule requiring extension requests to be filed before the deadline and excepted from Rule 9006(b)(1)'s provisions for enlargement of time. Indeed, courts considering whether equitable tolling applied to the other rules excepted from Rule 9006(b)(1)'s extension provisions have also restricted movants to the provisions of the rules. See, e.g. , Re Vorel , 2014 WL 1089281, at *3 (Bkrtcy. D.N.J. Mar. 18, 2014) (J. Winfield) (rejecting equitable tolling argument and holding that Rule 1017(e)'s deadlines could only be extended to the extent and under the conditions stated in Rule 1017(e)); In re Brooks , 414 B.R. 65, 72 (Bankr. E.D. Pa. 2009) (" 'Courts that have addressed the interaction of § 502(b)(9), Rule 9006(b)(3), and Rule 3002(c) ... have consistently concluded that the three provisions reflect Congress' intent to create an absolute bar date for filing claims in Chapter 13 cases.') (quoting In re Jensen , 333 B.R. 906, 909 (Bankr. M.D. Fla. 2005) ). See also In re Gulley , 400 B.R. 529, 535 (Bankr. N.D. Tex. 2009) (holding that the only exception to the limit on deadline extension provided by Rule 9006(b)(3) is when a case has been "disrupted," such as when the case was suspended or dismissed).
Though it need not now consider it, because the parties briefed it this court finds that even if equitable tolling applied, Liddle & Robinson does not come close to meeting the necessary elements. The Third Circuit has explained equitable tolling as applying
*284 when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999). This occurs "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."
Hedges v. United States , 404 F.3d 744, 751 (3d Cir. 2005).
Liddle & Robinson does not allege that Mr. Zakarin prevented him from recognizing the validity of its claim within the limitations period or misrepresented any material fact. The claim was disclosed on Mr. Zakarin's schedules, and Liddle & Robinson sent a representative of the firm to the section 341(a) meeting. Liddle & Robinson in fact alleges nothing about Mr. Zakarin (or his attorney) in connection with its efforts to file the complaint and provides no excuse for not attempting to file the complaint until the deadline's evening. See In re Pendergrass , 376 B.R. 473, 479 (Bankr. E.D. Pa. 2007) ("However, Plaintiff does not implicate Debtor or the Court, but rather attributes the late filing to the error and/or negligence of his own attorney[.]"). Nor was Liddle & Robinson prevented in some extraordinary way from asserting its rights-it could have done so through a timely-filed complaint.
Liddle & Robinson cites cases applying Federal Rule of Civil Procedure 60(b)(6) to allow a late filing. This rule, made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, provides for relief from a final judgment, order or proceeding for "any other reason that justifies relief." Courts have added a requirement of "extraordinary circumstances" to this relief. Saddle River Valley Bank v. Garsia , CIV.A. 10-1922 WJM, 2010 WL 4929268, at *5 (D.N.J. Nov. 30, 2010). "[The Third Circuit has] explained that a showing of extraordinary circumstances involves a showing that without relief from the judgment, an extreme and unexpected hardship will result.... This hardship requirement may sometimes be satisfied when the judgment precluded an adjudication on the merits.... But extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." Budget Blinds, Inc. v. White , 536 F.3d 244, 255 (3d Cir. 2008) (internal quotations omitted; footnote omitted).
Ignoring that Liddle & Robinson is not seeking relief from a judgment-this is not an appeal or motion for reconsideration-the cases it cites applying Rule 60(b)(6) do not support its argument. In Saddle River Valley Bank v. Garsia , CIV.A. 10-1922 WJM, 2010 WL 4929268 (D.N.J. Nov. 30, 2010), the appellant filed a complaint late because the service it hired to file the document filed it in the wrong court, despite the package being labelled by the appellant with the correct court and address.
Both parties cited In re Begue , 176 B.R. 801 (Bankr. N.D. Ohio 1995), where the plaintiff's attorney placed a complaint in the mail to the court on the 20th of the month, but it was not received by the court until the 28th, one day past the deadline. Id. , at 801. The Begue court found that the plaintiff's reliance on the postal service was not misplaced, and that it exercised due diligence in preserving its right to file the complaint. Id. , at 804.
In both Saddle River and Begue , the fault lay in other people, not the attorney. The delay in filing was caused by third parties outside the control of the attorneys.
*285 That is not the case here. Even if the courier it sent had been able to file the complaint the first time it arrived at the court, that arrival was the day after the deadline. Its inability to file the complaint then was entirely Liddle & Robinson's fault for not including the filing fee.
Liddle & Robinson cites DeMaria v. Peters , AP 14-01002 (MBK), 2014 WL 2011801 (Bankr. D.N.J. May 16, 2014). But in DeMaria , while the complaint was filed after the deadline, the plaintiff had filed a motion seeking nondischargeability before that deadline. Id. , at *2. The court found that the filing of the motion put the defendant on notice of the claim and allowed the filing of the complaint to relate back. Id. , at *3. Liddle & Robinson admitted this sequence in its brief. But in this case, Liddle & Robinson did not file anything prior to the bar date. Its email to the judge's chambers the night of the deadline, attaching the complaint, was not a court filing. Indeed, he did not even include the debtor's attorney on the message, thus did not put the debtor on notice of the claim.
This court is further persuaded by the Canonico case, supra . There the plaintiffs failed to file either a complaint or a motion to extend before the deadline expired on March 21, 2017. Canonico , 2017 WL 3318840, at *2. Plaintiff's counsel electronically filed the complaint in the main case at 12:02 a.m. and in the adversary proceeding at 12:44 a.m., both on March 22, 2017. Plaintiff's counsel asserted that the late filing was due to a technical issue with the CM/ECF filing system. Id. , at *3. Counsel alleged that although he was logged onto the filing system before midnight, it did not allow him to continue filing the complaint until after midnight. The court held that equitable tolling did not apply, finding that extraordinary circumstances did not exist under these facts. Id. , at *4. Plaintiff was on notice of the deadline, was not misled, and simply failed to allow sufficient time to file the complaint. Id. , at *4-*5. "Because equitable tolling is only to be extended sparingly and because the court finds that the Plaintiffs were not diligent in preserving their claim, equitable tolling is not warranted." Id. at *5. Similarly, here Liddle & Robinson did not exercise diligence to timely file the complaint, by waiting until the evening of the deadline to attempt to file the complaint in a court in which not one member of the firm was admitted.
Finally, a note about Liddle & Robinson's assertion that it was acting pro se during Mr. McCann's attempts to file the complaint. By the authority of federal statute, parties may appear in court pro se. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). However, "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships , or associations to appear in federal court otherwise than through a licensed attorney." Rowland v. California Men's Colony, Unit II Men's Advisory Council , 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (emphasis provided; footnote omitted). "Because organizational personality is a legal fiction, appearance in propria persona is impossible. Thus, the courts have repeatedly held that corporations and other organizations must be represented by counsel." MOVE Org. v. U.S. Dep't of Justice , 555 F.Supp. 684, 693 (E.D. Pa. 1983). Accordingly, "Corporations and partnerships, by their very nature, are unable to represent themselves and the consistent interpretation of § 1654 *286 is that the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation." Turner v. Am. Bar Ass'n , 407 F.Supp. 451, 476 (N.D. Tex. 1975), aff'd sub nom. Taylor v. Montgomery , 539 F.2d 715 (7th Cir. 1976), and aff'd sub nom. Pilla v. Am. Bar Ass'n , 542 F.2d 56 (8th Cir. 1976).[3]
That Mr. McCann is a licensed attorney does not change the result, because he is not licensed in New Jersey. Section 1654 states that appearance must comply with "the rules of such courts." This court's rules require that attorneys appearing before it be admitted to practice before the United States District Court for the District of New Jersey. D.N.J. LBR 9010-1. Thus Liddle & Robinson could have appeared through one of its own attorneys only if that attorney was admitted to practice in the District of New Jersey. But that would not be a pro se appearance. See Ross v. Panteris & Panteris, LLP , CIV. 12-6096 FSH, 2013 WL 5739145, at *8 (D.N.J. Oct. 22, 2013) ("Here, the Court finds that the Firm-a limited liability partnership subject to the rules outlined above-is not proceeding pro se; rather, it is represented by George Panteris, Esq., an attorney duly licensed to practice law in the State of New Jersey .") (emphasis added).
CONCLUSION
Because Liddle & Robinson filed its complaint through unlicensed counsel, the complaint on the docket is of no effect. Its properly-filed Motion to Extend Time was filed August 17, 2018, more than two months past the deadline. Even if this court considered the unlicensed filing, courts faced with filings even closer to the deadline have denied pleas for extensions. Liddle & Robinson knew of its cause of action and of the deadline for filing a complaint from the beginning of Mr. Zakarin's bankruptcy case.
Accordingly, Liddle & Robinson's Motion to Extend the Time to File an Adversary Complaint is denied, and the adversary complaint is dismissed with prejudice.
An appropriate order has been entered consistent with this decision.
The court reserves the right to revise its findings of fact and conclusions of law.

Indeed, Mr. McCann's own exhibit shows that the court advised him the next day that if he was not admitted to the U.S. District Court for New Jersey, he could only file for limited access to CM/ECF. Doc. 8, ex. 2, p 4. Mr. McCann replied that he was not an admitted attorney in New Jersey and requested the Limited User Registration form. Id. , p. 3

Notably, under Fed. R. Bankr. P. 9006(b)(3), the court may only enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated in [that rule]." Id. Fed. R. Bankr. P. 4007(c) conditions the enlargement of time by requiring that a motion to extend time shall be filed before the time to object has expired. Id.

See also , New Jersey Rules of Court 1:21-1(c) :
Except as otherwise provided by paragraph (d) of this rule and by R. 1:21-1A (professional corporations), R. 1:21-1B (limited liability companies), R. 1:21-1C (limited liability partnerships), R. 6:10 (appearances in landlord-tenant actions), R. 6:11 (appearances in small claims actions), R. 7:6-2(a)(pleas in municipal court), R. 7:8-7(a) (presence of defendant in municipal court) and by R. 7:12-4(d) (municipal court violations bureau), an entity, however formed and for whatever purpose, other than a sole proprietorship shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State.